# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-0314


JENNIFER THIBODEAUX

VERSUS

BILL COMEAUX, ET AL.


************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 2001-C-3237-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

************

## JIMMIE C. PETERS
### JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett and James T. Genovese, Judges.


**MOTION TO DISMISS APPEAL DENIED, REVERSED AND REMANDED.**


**John M. Jefcoat**
**Michael L. Barras**
**Galloway Jefcoat, L.L.P.**
**Post Office Box 61550**
**Lafayette, LA 70596-1550**
**(337) 984-8020**
**(337) 984-7011**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Jennifer Thibodeaux**

**L. Lane Roy**
**Dawn L. Morris**
**Kathy A. Rito**
**Preis & Roy**
**102 Versailles Blvd., Ste. 400**

**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **State of Louisiana through the Department of Transportation**

PETERS, J.

The plaintiff, Jennifer Thibodeaux, appeals the trial court's grant of a summary judgment in favor of one of the defendants in her suit for damages, the State of Louisiana, through the Department of Transportation and Development (DOTD), dismissing it from the suit. For the following reasons, we deny DOTD's motion to dismiss the appeal, reverse the trial court judgment, and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

This litigation arises from a May 23, 2001 automobile accident which occurred on U.S. Highway 190 in St. Landry Parish, Louisiana. A vehicle driven by Jennifer Thibodeaux was struck by another vehicle and forced from the highway into a construction zone, where it struck a pile of debris. At some point during the accident, Ms. Thibodeaux was ejected from her vehicle.

On July 26, 2001, Ms. Thibodeaux brought suit against a number of defendants, including DOTD, to recover for the damages she sustained in the accident. While the record now before us asserts various theories of recovery against the named defendants, with regard to DOTD's fault, Ms. Thibodeaux has alleged that her injuries were caused by its "wanton gross negligence" in

1)    Not properly maintaining the road by failing to remove debris including but not limited to a block of cement and tractor tire.

2)    Not properly maintaining a construction zone;

3)    Not providing a safe place for vehicles exiting the roadway.

In its answer to Ms. Thibodeaux's petition, DOTD denied any fault in causing the accident and asserted that Ms. Thibodeaux's injuries were caused by the combined fault of the drivers of the vehicles involved.

The appeal now before us arises from a motion for summary judgment filed by DOTD on August 22, 2007. After an October 15, 2007 hearing, the trial court granted the motion and dismissed DOTD from the litigation. Ms. Thibodeaux's complaint on appeal is that the trial court decided the motion for summary judgment, not on DOTD's August 22, 2007 filing, but on an argument first raised by DOTD four days before the October 15, 2007 hearing, and not on a pleading addressed to the motion for summary judgment, but on a reply brief filed in response to her arguments in opposition to the motion. Ms. Thibodeaux argues on appeal that the trial court erred in granting relief to DOTD based on this late filing. We agree.

The pertinent dates in considering the issue raised in this appeal are as follows:

- August 22, 2007 - DOTD filed its original motion for summary judgment.
- September 20, 2007 - Ms. Thibodeaux filed her response to DOTD's motion.
- October 11, 2007 - DOTD filed a response to Ms. Thibodeaux's response.
- October 15, 2007 - The trial court heard DOTD's motion for summary judgment.

DOTD's August 22, 2007 motion for summary judgment reads as follows:

> NOW INTO COURT, through undersigned counsel, comes **State of Louisiana through the Department of Transportation**, who moves this Court pursuant to Louisiana Code of Civil Procedure article 966 for Summary Judgment adverse to **Jennifer Thibodeaux** and at Plaintiff's sole cost for the reasons more fully set forth in the attached Exhibits and Memorandum.

As set forth in the memorandum that DOTD attached to its motion for summary judgment, the only basis for its request for relief was that the debris Ms. Thibodeaux claims she struck in the accident was located outside of DOTD's right of way and, therefore, not in its custody and control at the time of the accident. In support of its position, DOTD filed a memorandum and two affidavits. One of the affidavits is that

2

of Ms. Thibodeaux's counsel of record, who had filed a statement wherein he attempted to set forth the uncontested facts in the litigation. This was executed by Ms. Thibodeaux's counsel on February 15, 2007, and filed in the record the next day. The timing of the filing suggests that it was intended to address pleadings filed against Ms. Thibodeaux by other defendants. The second affidavit filed by DOTD is that of Thomas Landry, its construction engineer for the district in which the accident occurred. That affidavit is dated May 16, 2007.

Ms. Thibodeaux responded to DOTD's motion by filing a memorandum in opposition to the motion and attaching the deposition of Ronald Ardoin, an employee of Gilchrist Construction, another defendant in the litigation; the deposition of Thomas Landry; and the report of V. O. Tekell, Jr., a professional engineer.

Thus, the initial issue upon which DOTD sought relief was that of custody and control of the debris pile which Ms. Thibodeaux's vehicle struck. However, on October 11, 2007, DOTD filed a pleading which it titled "**REPLY/SUPPLEMENTAL MEMORANDUM WITH REGARDS TO DOTD'S MOTION FOR SUMMARY JUDGMENT**" wherein it asserted for the first time that custody and control of the debris pile was irrelevant because Ms. Thibodeaux had been ejected from her vehicle before it hit the debris pile. DOTD's support for this position was the April 12, 2007 deposition testimony of Stephen Killingsworth, Ms. Thibodeaux's own expert witness. In his deposition Mr. Killingsworth testified as follows:

> At that point before the vehicle completely clears the ditch and gets over on the side because she's not going to come out to the driver's side, it's laying on the driver's side. As it catches and rotates sideways, in other words, she hits that first impact and then she catches, the car hasn't gotten to the mound yet, can't get to the mound yet. So before it ever gets - - check this, before the driver's side catches the concrete on

3

the mound she's out of the vehicle, which says that the seat belt fractured before she hits the concrete. This is the only way she's going to get out of the vehicle and be on the road side of the ditch.

Mr. Killingsworth further stated that

we know that she gets ejected on the road side of the ditch, she winds up on the road side of the ditch, there's no other whipping action that's going to get her out of the vehicle other than, again, it's trying to rotate clockwise, that's what's going to pitch her out, and, again, it ties into what I'm talking about in terms of the buckle itself.

Thus, he was of the opinion that the seat belt failure occurred between the ditch and the debris.

At the hearing on the motion, DOTD's counsel first acknowledged that the custody and control issue was somewhat confusing, and almost immediately began arguing Mr. Killingsworth's deposition testimony as the basis of its motion for summary judgment. Immediately upon being called upon to make his argument, Ms. Thibodeaux's counsel objected to the use of Mr. Killingsworth's deposition as a basis for DOTD's motion for summary judgment. He pointed out to the court that it was filed five days before the hearing, and that he was unable to contact Mr. Killingsworth or anyone else to prepare a response, given the short period of time. The trial court implicitly overruled the objection by granting the summary judgment. In doing so, the trial court stated that "[t]he bigger problem I have, I guess, is the use of the term 'maintenance' in the right-of-way, but I really don't have any dispute before me at this point in time that she was ejected prior to striking the debris pile, so it's irrelevant." Thus, the trial court recognized the factual conflicts relative to the custody and control issue, and based its decision solely on the assertion that Ms. Thibodeaux was ejected from the vehicle before it hit the debris pile.

4

**OPINION**

Louisiana Code of Civil Procedure Article 966(B) provides that "[t]he motion for summary judgment and supporting affidavits *shall* be served at least fifteen days before the time specified for the hearing." (Emphasis added.) That same article also provides that if the adverse party chooses to respond with a memorandum or opposing affidavits, they "shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary." *Id.* Uniform Rules—District Courts, Rule 9.9 provides in pertinent part:

(a) When a party files an exception or motion, that party must concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum must be served on all other parties so that it is received by the other parties at least 15 calendar days before the hearing, unless the court sets a shorter time.

(b) A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.

(c) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing. For example, if the hearing is set for Friday, the reply memorandum must be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum must be received no later than 4:00 p.m. the preceding Thursday.

(d) Parties who fail to comply with paragraphs (a) and (b) of this rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side's costs incurred on account of untimeliness.

5

This rule applies to motions for summary judgments. Uniform Rules—District Courts, Rule 9.10(1).

There is no dispute but that DOTD's original motion for summary judgment and Ms. Thibodeaux's response complied with the deadlines set forth in La.Code Civ.P. art. 966(B) and Uniform Rules—District Courts, Rule 9.9. Whether DOTD's October 11, 2007 filing complies with these deadlines depends on how one classifies that filing. If it is in fact a reply memorandum, it complies. If it is a new motion for summary judgment, it does not. We find that it is clearly a new motion for summary judgment.

The bases for DOTD's original motion for summary judgment, as set forth in its memorandum, were that the debris was not in DOTD's custody or control at the time of the accident; that DOTD had no knowledge of the debris; and that the debris was not within DOTD's right-of-way. DOTD did not argue that Ms. Thibodeaux was thrown from her car before it made contact with the debris pile; it asserted that Ms. Thibodeaux was injured *after* striking the debris.[1]

DOTD's October 11, 2007 filing directly contradicted its prior statements of uncontested fact and introduced an entirely new basis for summary judgment: that Ms. Thibodeaux was thrown from her car before it made contact with the debris.

---

[1]On February 15, 2007, Ms. Thibodeaux's counsel of record executed an affidavit that contained fourteen numbered paragraphs setting forth certain uncontested material facts in the litigation. DOTD accepted these facts as uncontested when it relied on the affidavit. In the fifth paragraph, Ms. Thibodeaux's counsel made the following statement: "The vehicle struck a tractor tire and a piece of cement and at that time the Sentra became airborne and rolled ejecting Jennifer Thibodeaux." DOTD did not stop with accepting this assertion of fact alone. In the memorandum DOTD attached to its motion for summary judgment, it set out sixteen numbered paragraphs which it described as its own statement of uncontested facts. In those sixteen paragraphs, DOTD restated the facts set out in the affidavit of Ms. Thibodeaux's counsel and added the factual assertion that "[u]pon striking the concrete and tire, the driver's seatbelt on the Nissan failed, allowing Ms. Thibodeaux to be ejected from the vehicle."

6

DOTD's late filing can be construed as nothing less than an attempt to circumvent the time afforded Ms. Thibodeaux to respond to a completely new issue. Her objection had merit and should have been sustained.

DOTD filed with this court a motion to dismiss Ms. Thibodeaux's appeal, asserting that "the issue [she] raises before this court was not preserved for appeal." DOTD contends that Ms. Thibodeaux's appeal seeks a continuance of the hearing, but that Ms. Thibodeaux never requested a continuance at the trial court. This argument mischaracterizes Ms. Thibodeaux's claims on appeal. As explained above, Ms. Thibodeaux's objection was to DOTD's untimely assertion of a new motion for summary judgment. Accordingly, we deny DOTD's motion to dismiss the appeal.

### DISPOSITION

For the foregoing reasons, we deny DOTD's motion to dismiss the appeal and reverse the trial court's grant of summary judgment dismissing the State of Louisiana, through the Department of Transportation and Development as a defendant in the lawsuit filed by Jennifer Thibodeaux. We assess all costs of this appeal to the State of Louisiana, through the Department of Transportation and Development. Pursuant to the requirement of La.R.S. 13:5112(A), we set those costs in the monetary amount of $2,135.50.

**MOTION TO DISMISS APPEAL DENIED, REVERSED AND REMANDED.**