MARC E. JOHNSON, Judge.
 

 | i>This appeal arises from the granting of a Motion for Partial Summary Judgment in favor of Defendants/Appellees, St. James Stevedoring, LLC and State National Insurance Company (hereinafter collectively referred to as “SJS”), and against Plaintiff/Appellant, Joseph Heath Melton from the 23rd Judicial District Court, Division “B,” wherein all claims were dismissed. For the following reasons, we reverse the trial court’s judgment and remand the matter to the trial court for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, Mr. Melton was employed by SJS as an equipment operator. Mr. Melton worked on the vessel D/B DON D, which was owned and operated by SJS and was in service on the navigable waters of the Mississippi River. Towards the end of Mr. Melton’s shift on December 21, 2006, he entered a shack on the vessel in order to await the arrival of a crew boat to take him to shore. Upon entering the shack, Mr. Melton was physically confronted by defendant, Torrence Horton. As a result of the confrontation with Mr. Horton, Mr. |sMelton suffered serious injuries to his right knee.
 

 On October 2, 2007, Mr. Melton filed suit against Mr. Horton and SJS. Mr. Melton’s allegations against SJS
 
 [1]
 
 included allegations of vicarious liability under the Jones Act and/or the General Maritime Law of the United States for the actions of
 
 *899
 
 Mr. Horton and independent acts of negligence, including but not limited to, failing to properly supervise its employees. In his First Supplemental and Amending Petition filed on March 27, 2008, Mr. Melton added State National Insurance Company, Inc. as a defendant to the action. Also, Mr. Melton alleged a new cause of action against SJS involving an incident that aggravated his right knee while on duty and additional independent acts of fault. On April 27, 2009, Mr. Melton filed a Second Supplemental and Amending Petition which alleged a new cause of action stemming from another incident which re-aggravated his right knee while lifting an industrial-sized tire. Mr. Melton also alleged additional allegations of negligence against SJS.
 

 On November 30, 2009, SJS filed a Motion for Partial Summary Judgment. In the motion, SJS averred there was no genuine issue of material fact regarding whether Mr. Melton had an action against his co-employee, Mr. Horton, under the Jones Act and/or the General Maritime Law of the United States. The motion further averred Mr. Horton and SJS were entitled to a partial summary judgment as a matter of law regarding the claims against Mr. Horton.
 

 In his Opposition to Motion for Partial Summary Judgment filed on February 19, 2010, Mr. Melton argued SJS lacked standing to raise a Motion for Partial Summary Judgment for Horton because he was represented by separate counsel. Mr. Melton also argued there were unresolved issues regarding the course and scope of employment and whether the incident involving Mr. Horton was | ^horseplay. Additionally, Mr. Melton raised the question of whether SJS was responsible for the actions of Mr. Horton if the incident between the two men was merely horseplay.
 

 In its Reply to the Opposition to Motion for Partial Summary Judgment filed on February 23, 2010, SJS averred Mr. Horton and Mr. Melton were co-employees involved in horseplay at the time of the incident. SJS further averred the actions of Mr. Horton were not for the benefit of SJS, and the incident was unforeseeable. In its conclusion, SJS stated,
 

 “not only does the Plaintiff not have a claim against Torrence Horton, a co-employee, he does not have cause of action under the Jones Act or the General Maritime Law,
 
 he does not have a cause of action against SJS
 
 for his alleged injury resulting from admitted horseplay under the Jones Act or for unseaworthiness.” (Emphasis added).
 

 On February 29, 2010, Mr. Melton filed a Reply to SJS’s reply to the opposition to Motion for Partial Summary Judgment. Mr. Melton alleged SJS raised brand new arguments in its reply memorandum.
 

 The hearing on the Motion for Partial Summary Judgment was held on March 1, 2010. The trial court granted SJS’s motion on March 18, 2010. In the decree, the trial court dismissed Mr. Melton’s claims against it with prejudice. From this judgment, the instant appeal followed.
 

 ASSIGNMENTS OF ERROR
 

 On appeal, Mr. Melton raises the following assignments of error: whether a reply memorandum to an opposition to a Motion for Summary Judgment containing a brand new substantive arguments and filed untimely should be considered as a new Motion for Summary Judgment when that substantive argument had not been raised in the original, timely filed Motion for Summary Judgment, and whether SJS should have been granted a summary judgment as to claims and causes of action for which it did not seek summary judgment in its | ^original motion.
 

 
 *900
 
 LAW AND ANALYSIS
 

 Assignment of Error 1
 

 Mr. Melton argues that SJS’s reply memorandum to an opposition to the Motion for Partial Summary Judgment untimely filed and containing brand new substantive arguments should be considered as a new Motion for Summary Judgment. Mr. Melton asserts that nowhere in SJS’s original Motion for Partial Summary Judgment, memorandum in support of its Motion for Partial Summary Judgment or its prayer does SJS seek to have his claims against it dismissed via a summary judgment. Mr. Melton further asserts that, because of the brand new substantive arguments raised in SJS’s reply memorandum, the reply memorandum itself was a very thinly veiled and brand new Motion for Summary Judgment. Additionally, Mr. Melton argues the reply memorandum was untimely filed, and he was not afforded a reasonable opportunity to address the new arguments. Mr. Melton contends the reply memorandum should not have been considered by the trial court.
 

 In response to Mr. Melton’s position, SJS asserts the arguments raised in its reply memorandum were made in support of Mr. Horton’s Motion for Partial Summary Judgment and countered the assertions made in Mr. Melton’s opposition memorandum. SJS contends that it simply adopted the position of Mr. Horton in its reply memorandum, and Mr. Melton had ample notice of those arguments because they were already raised by Mr. Horton. Because Mr. Melton did not appeal the summary judgment granted in favor of Mr. Horton and is now a final judgment, SJS avers that Mr. Melton cannot re-litigate his claims through attacking SJS on the same grounds.
 

 LSA-C.C.P. art. 966(B) provides that “[t]he motion for summary judgment | r,and supporting affidavits shall be served at least fifteen days before the time specified for the hearing.” The same article also provides that if the adverse party chooses to respond with a memorandum or opposing affidavits, the opposing affidavits and any memorandum “shall be served pursuant to Article 1813 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary.”
 
 Id.
 

 Louisiana District Court Rule 9.9 states,
 

 (a) When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.
 

 (b) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
 

 (c) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing. For example, if the hearing is set for Friday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum
 
 *901
 
 shall be received no later than 4:00 p.m. the preceding Thursday.
 

 (d) Parties who fail to comply with paragraphs (a) and (b) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side’s costs incurred on account of the untimeliness.
 

 (e) Any party may, but need not, file a copy of the memorandum with the clerk of court. See Rule 9.4 and Appendix 7 to determine whether a particular judicial district requires that memoranda be filed with the clerk of court or sent directly to the presiding judge.
 

 17Rule 9.10(a) of the Louisiana District Court Rules provides that Rule 9.9 applies to motions for summary judgments.
 

 In the instant matter, it is clear that SJS’s original Motion for Partial Summary Judgment and Mr. Melton’s response complied with the deadlines set forth in LSA-C.C.P. art. 966(B) and Louisiana District Court Rule 9.9. Whether SJS’s February 23, 2010, pleading complies with the procedures and could be considered by the trial court depends on how the pleading is classified. If it is in fact a reply memorandum, it was properly considered within the discretion of the trial court to determine whether to grant the Motion for Partial Summary Judgment, even if untimely filed. If it is a new Motion for Summary Judgment, it was improperly considered by the trial court in determining the motion. We find that the pleading filed by SJS on February 23, 2010, is a new Motion for Summary Judgment.
 

 The basis for SJS’s original Motion for Partial Summary Judgment, as set forth in its memorandum, was that there was no genuine issue of fact against Mr. Horton under the Jones Act and/or the General Maritime Law. As such, SJS asserted the partial summary judgment dismissing the claims of Mr. Melton against Mr. Horton was warranted. However, the pleading filed on February 23, 2010, by SJS asserted Mr. Melton did not have a cause of action against Mr. Horton or SJS.
 

 The new substantive issues raised in SJS’s February 23, 2010, pleading, e.g., Mr. Melton had no cause of action against SJS, was an attempt to circumvent the procedures set forth for a Motion for Summary Judgment.
 
 See Thibodeaux v. Comeaux,
 
 08-0314, p. 7 (La.App. 3 Cir. 10/1/08); 996 So.2d 67, 72 (holding a late filing containing new substantive issues was a new motion for summary judgment and was nothing less than an attempt to circumvent the time afforded to the plaintiff to respond to a completely new issue). Accordingly, we find the trial |8court did err in considering SJS’s new substantive claims to determine SJS’s Motion for Partial Summary Judgment.
 

 Assignment of Error 2
 

 Mr. Melton argues the trial court erred by granting summary judgment as to all of his claims and causes of action raised, even when SJS did not seek to have all of his claims dismissed in its Motion for Partial Summary Judgment. Mr. Melton avers that the trial court not only dismissed the claims against SJS relating to the incident with Mr. Horton, but it also dismissed all of his claims related to the subsequent incidents (e.g., the incident involving the transfer of the truck tire while on light duty and his back injury). Mr. Melton further argues that the dismissal of the latter claims were not addressed or requested by SJS at all, even in its untimely reply memorandum.
 

 In reply, SJS admits that it did not make any arguments regarding the allegations of Mr. Melton raised in his Second
 
 *902
 
 Supplemental and Amending Petition. SJS takes no position regarding whether those claims were also dismissed when the trial court granted its Motion for Partial Summary Judgment and dismissed it from the action.
 

 In its original Motion for Partial Summary Judgment, SJS added a footnote stating, “Please note, by granting SJS’s Motion for Partial Summary Judgment, and/or granting Mr. Horton’s Motion for Summary Judgment, the Plaintiffs other claims, (i.e., his alleged back injury) against SJS would remain in litigation.” The trial court, in granting the partial summary judgment, dismissed all of the Mr. Melton’s claims against SJS. Because the other claims raised by Mr. Melton were not addressed by SJS in its Motion for Partial Summary, we find that the trial court erred in dismissing those claims in the summary judgment.
 
 See Merrick v. Bredero Price Co.,
 
 01-329, p. 7 (La.App. 5 Cir. 9/25/01); 798 So.2d 275, 279 (holding |sissues not raised in the Motion for Summary Judgment or at the hearing should not have been dismissed in the summary judgment).
 

 DECREE
 

 For the foregoing reasons, we reverse the trial court’s grant of the summary judgment dismissing Mr. Melton’s claims against St. James Stevedoring Company, LLC and State National Insurance Company and remand the matter to the trial court for further proceedings. St. James Stevedoring Company, LLC and State National Insurance Company are assessed the costs of this appeal.
 

 REVERSED AND REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . At that time, St. James Stevedoring, L.L.C., not State Nation Insurance Company, Inc., was listed as a defendant.