ON MOTION TO DISMISS APPEAL AS A SUSPENSIVE APPEAL
SCHOTT, Chief Judge.
Appellee has filed a motion to dismiss appellant’s suspensive appeal. The following is the pertinent chronology:
Judgment Signed July 29, 1992
Motion for new trial filed by appellant August 7
August 19 Rehearing denied “ex parte”
October 9 Suspensive Appeal perfected
The record does not reflect that a notice was mailed to appellant or her counsel that her application for rehearing was denied.
C.C.P. art. 2123A(3) provides that the thirty day delay for taking a suspensive appeal commences to run from the date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 191A
Art. 1914 applies to an interlocutory order when the case has been taken under advisement. In this situation paragraph (B) requires the clerk to mail notice of the rendition of the order, and, pursuant to paragraph (C), in the case of an order refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice.
Appellee asserts that appellant’s application for new trial was never taken under advisement, so that art. 1913 and not 1914 would apply. She argues that no notice was required by art. 1913 and that the delay for taking the appeal commenced the day the application for new trial was denied. The order denying the motion was not signed in counsel’s presence and was not signed until twelve days after the application was filed. Consequently, we deem the application to have been under advisement so that art. 1914 applied.
Accordingly, the motion to dismiss the appeal as a suspensive appeal is denied.
MOTION DENIED.