616 So.2d 826 (1993)
CITY OF KAPLAN, et al., Plaintiff-Appellee,
v.
Murray MAYARD, et al., Defendant-Appellant.
No. 92-1439.
Court of Appeal of Louisiana, Third Circuit.
March 31, 1993.
*827 Laura Katherine Austin, for plaintiff-appellee City of Kaplan, et al.
Michael Wayne Fontenot, for defendant-appellee Murray Mayard et al.
Glenn John Armentor, Sera Hearn Russell, III, for defendant-appellant Roy Bell.
Alison Ann Darsey, for intervenor Neblett, Beard & Arsenault.
Calvin Eugene Woodruff, Jr., Paul A. Holmes, for defendants-appellees Inc. Risk Management and La. Mun. Risk Management.
Before LABORDE, YELVERTON and WOODARD, JJ.

MOTION TO DISMISS
LABORDE, Judge.
This court issued a rule to show cause why the above captioned appeal should not be dismissed as premature for the reason the record lacked an appealable judgment. We accordingly dismiss the appeal.
The City of Kaplan and Louisiana Municipal Risk Management Association, filed suit against Murray Mayard and the National General Insurance Company, seeking reimbursement of the amount paid as worker's compensation benefits to Mr. Bell as a result of an automobile accident between Mr. Bell and Mr. Mayard. The law firm of Neblett, Beard, and Arceneaux intervened in the proceedings. In the suit for intervention, the following were made defendants, Roy Bell, City of Kaplan, Louisiana Municipal Risk Management Association, Murray Mayard, and National General Insurance Company. Mr. Bell, answered the law suit and also filed a cross claim against Murray Mayard and National General Insurance Company and Risk Management, Inc. Louisiana Municipal Risk Management Association and Risk Management, Inc., defendants in intervention, filed a motion for summary judgment on June 17, 1992. The matter was heard on September 1, 1992, at which time the court took the matter under advisement. On September 10, 1992, the trial court issued reasons for judgment granting the motion for summary judgment. On September 10, 1992, Roy Bell filed a motion and order for new trial. The motion was denied on September 18, 1992. On November 4, 1992, Mr. Bell filed a motion and order for devolutive appeal. Suit was lodged with this court on December 8, 1992. This court issued a rule to show cause why the above captioned appeal should not be dismissed for failure to contain an appealable judgment on February 2, 1993.
C.C.P. article 1918 states as follows:
Art. 1918. Form of final judgment
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.
Source: New.
C.C.P. article 1911 states as follows:
Art. 1911. Final judgments; signing; appeals
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
In the present case, the record does not contain a final appealable judgment from the granting of the motion for summary judgment. The record only contains written reasons for judgment. However, reasons for judgment do not take the place of a final judgment. See C.C.P. art. 1918. For these reasons, this court finds that the appeal in the present case is premature. See C.C.P. article 1911. For these reasons the appeal is dismissed at appellant's cost.
APPEAL DISMISSED.