663 So.2d 103 (1995)
ERI, INC., Plaintiff-Appellant,
v.
John H. WEINSTEIN and ABC Insurance Company, Defendant-Appellee.
No. M95-917.
Court of Appeal of Louisiana, Third Circuit.
August 21, 1995.
*104 Philip J. Shaheen, Baton Rouge, for ERI, Inc.
Marc W. Judice, Lafayette, for John H. Weinstein.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
DECUIR, Judge.

MOTION TO DISMISS UNLODGED APPEAL
Defendant-appellee, John Weinstein, has filed a motion to dismiss an unlodged appeal filed by the plaintiff-appellant, ERI, Inc.
The exhibits attached to the motion to dismiss reveal that the judgment was signed on December 19, 1994. Notice of judgment was sent out on December 19, 1994, and a motion for new trial was filed by ERI, Inc. on December 23, 1994. In a per curiam rendered on December 29, 1994, the motion for new trial was denied ex parte. The judgment on the denial of new trial was not signed until March 19, 1995. Notice of judgment was mailed on March 20, 1995. On May 15, 1995, ERI, Inc. filed a motion for devolutive appeal.
Appellee argues that the per curiam denying the new trial issued on December 29, 1994, did not require notice of judgment and is the triggering point for starting the delays for filing the appeal. We disagree.
In Succession of Schulz, 612 So.2d 247 (La.App. 4 Cir.1992), the Fourth Circuit was confronted with a similar issue. In that case the court stated as follows:
Appellee asserts that appellant's application for new trial was never taken under advisement, so that art. 1913 and not 1914 would apply. She argues that no notice was required by art. 1913 and that the delay for taking the appeal commenced the day the application for new trial was denied. The order denying the motion was not signed in counsel's presence and was not signed until twelve days after the application was filed. Consequently, we deem the application to have been under advisement so that art. 1914 applied.
In the present case, we deem the motion for new trial to have been taken under advisement, therefore La.C.C.P. article 1914 applies. The delays for filing the motion for an appeal did not begin to run until notice of judgment was mailed on March 20, 1995. Accordingly, the motion to dismiss the appeal is denied.
MOTION DENIED.