hWOODARD, Judge.
On August 18, 1997, this court issued an order to plaintiff-appellant to show cause why the appeal in the above captioned case should not be dismissed as untimely. On September 10, 1997, plaintiff-appellant filed an answer to the rule.
In the instant case, the judgment at issue was signed on April 23,1996. A timely motion for new trial (entitled “Motion for Reconsideration”) was filed on May 2, 1996. A hearing on the motion occurred on May 27, 1996. On August 6, 1996, the court mailed a “Notice of Rendition of Oral Judgment” informing the parties that a minute entry was made denying the motion for reconsideration filed by plaintiff. The notice of rendition of *928 oral judgment stated judgment should be submitted accordingly. On December 17, 1996, a judgment denying the motion for reconsideration was signed, and notice of the signing of said judgment was mailed on the same day. Plaintiff-appellant filed the motion for devolutive appeal on December 20, 1996.
Pursuant to La.Code Civ.P. art. 2087, a devolutive appeal must be taken within 60 days of the date of the mailing of notice of the court’s refusal to grant a timely application for a new trial as provided under La. Code Civ.P. art. 1914. Article 1914 C provides, “If the interlocutory order or judgment is one refusing to grant a new trial ..., regardless of whether the motion is taken under advisement, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.”
|2In the instant ease, notice of the rendition of the oral judgment denying the motion for new trial was mailed on August 6, 1996. Although the minute entry indicated judgment should be submitted accordingly, there is no requirement that an interlocutory order, such as the denial of a motion for new trial, be in writing. The clerk’s office followed the procedure set forth in Article 1914 by making an entry in the minutes of the interlocutory order, and by mailing notice of the rendition of oral judgment to counsel of record on August 6,1996.
Plaintiff-appellant asserts the appeal delays did not begin to run on August 6, 1996, but on December 17, 1996, the day notice of the signing of the written judgment denying the motion for reconsideration was mailed. In support of said position, plaintiff-appellant points to the instruction in the “Notice of the Rendition of Oral Judgment” that judgment should be submitted accordingly. However, as previously noted, there is no requirement that a.interloeutory order be in writing.
Plaintiff-appellant cites this court’s opinion in ERI, Inc. v. Weinstein, 96-917 (La.App. 3 Cir. 8/21/95), 663 So.2d 103, in support of her position. In ERI, Inc., a motion for new trial was denied ex parte in a per curiam on December 29, 1994. A judgment was signed denying the motion for new trial on March 19, 1995, and notice of the signing of the judgment was mailed' on March 20, 1995. The motion for appeal was filed on May 15, 1995. In denying the motion to dismiss the appeal, this court stated:
In the present case, we deem the motion for new trial to have been taken under advisement, therefore La.C.C.P. art. 1914 applies. The delays for filing the motion for an appeal did not begin to run until notice of the judgment was mailed on March 20, 1995. Accordingly, the motion to dismiss the appeal is denied.
ERI, Inc. is distinguishable from the instant case as notice of the oral judgment denying the motion for reconsideration was mailed in this ease, whereas, notice of the judgment denying the motion for new trial in ERI, Inc. was not mailed until a written judgment was signed.
Summarizing, a devolutive appeal must be taken within 60 days of the mailing of notice of the judgment denying a timely filed motion for new trial. In the instant ease, an oral judgment was rendered denying the motion for reconsideration. Notice of the rendition of the oral judgment was mailed to counsel on August 6, 1996. The delay for. filing a motion for devolutive appeal commenced on August 6, 1996. The delay expired on October 7,1996 (the 60th day falling on a Saturday). The motion for ^appeal was filed on December 10,1996, after the expiration of the delay for appealing. The subsequent signing of a written judgment denying the motion for reconsideration and mailing of notice of the signing of said judgment did not affect the delay for appealing as notice of the rendition of the oral judgment denying the motion for reconsideration was the triggering event for the delay for appealing. Accordingly, the appeal filed by plaintiff-appellant is hereby dismissed.

APPEAL DISMISSED.

COOKS, J. dissents and assigns reasons.