JJIREW, J.
Kelvin Williams, individually and as administrator of the estate of his minor child, Dominique Lasha Williams, and Pamela Williams appeal from the grant of an exception of prescription against LSUMC. We reverse the judgment, overrule the exception of prescription and remand the matter for further proceedings.

Facts

On December 13, 1995, Dominique was taken to LSUMC for treatment of a stomach virus or infection. According to the Williamses, their child was administered ten times the proper dosage of antibiotics for an infant her size and weight. Allegedly as a result of the overdose, Dominique has suffered from swelling, rashes, and cracking of the skin.
The Williamses filed a medical malpractice complaint with the State Commissioner of Administration by certified mail on December 13, 1996; the complaint was received on December 16, 1996. The Honorable John Ballard (Ret.) was appointed panel chairman on August 8, 1997. LSUMC later filed a motion to extend the panel. The motion was granted on July 31, 1998, extending the panel until February 8, 1999. On June 26, 1999, the Williamses received notice of the dissolution of the panel. On September 22, 1999, within ninety days of the notice, plaintiffs filed this medical malpractice suit against LSUMC.
LSUMC filed an exception of prescription arguing that pursuant to La. R.S 40:1299.47B(3), the panel was automatically dissolved on February 8, 1999, and the Williamses hád ninety days from then to file suit. The trial court granted LSUMC’s exception. On appeal the plaintiffs asserted that the prescriptive period did not begin to run until their receipt of the notice that the medical review panel had been dissolved. The Williamses state |2that, through error, the petition for extension of the panel and the order were not requested to be served on the Commissioner of Administration, the plaintiffs or their attorney. When the order was signed, it was not sent to the Commissioner of Administration, the plaintiffs or their attorney. As such, the Williams assert that the matter has not prescribed.

Law and Analysis

Prescriptive statutes are in derogation of common rights and must be strictly construed against prescription and in favor of the claim. Bustamento v. Tucker, 607 So.2d 582 (La.1992); Barksdale v. *848 Lincoln Builders, Inc., 32,857 (La.App.2d Cir.6/21/00), 764 So.2d 223, writ denied, 00-2646 (La.2/9/01) 785 So.2d 821 ; Hunter v. Tensas Nursing Home, 32,217 (La.App.2d Cir.10/27/99), 743 So.2d 839, writ denied, 99-3334 (La.2/4/00), 754 So.2d 228 . If there are two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. Id. In the absence of clear legislative intent, prescriptive statutes which can be given more than one reasonable interpretation should be construed against the party claiming prescription. Succession of Moore, 97-1668 (La.App. 4th Cir.4/1/98), 737 So.2d 749, writ denied, 99-0781 (La.4/30/99), 743 So.2d 207.
The medical malpractice act is a prescriptive statute which sets out the conditions under which prescription is suspended, when the suspension ceases, and when prescription begins to run again. La. R.S. 40:1299.41, et seq. All of the limiting provisions applicable to qualified health care providers are “special legislation in derogation of the rights of tort victims” and are therefore strictly construed. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00), 758 So.2d 116.
 | ¡Article 1, Section 2, of the Louisiana Constitution of 1974, provides that “No person shall be deprived of life, liberty, or property, except by due process of law.” The provisions of the Medical Malpractice Act are in derogation of property rights which cannot be deprived except by due process of law. See Davis v. Willis-Knighton Medical Center, 32,193 (La.App.2d Cir.8/18/99), 738 So.2d 1191, writ denied 99-2712 (La.12/10/99), 751 So.2d 254. The requirements of procedural due process are prior notice and opportunity to be heard. State v. Woodard, 387 So.2d 1066 (La.1980).
La. R.S. 40:1299.47 comports with the due process requirements by requiring that a plaintiff receive numerous notices about the progress of his complaint. Receipt of these notices informs the plaintiff of the time-frame within which he has to file suit, when prescription begins to toll anew.

La. R.S. JpO:1299.J/.7(A)(2)(a)

The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and soli-dary obligors and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription.

14La. R.S. 10:129947(4)

The chairman shall submit a copy of the panel’s report to the board and all *849 parties and attorneys by registered or certified mail within five days after the panel renders its opinion.
Plaintiff is provided with notice of when an opinion is issued. This notice informs him that he has ninety days until prescription begins tolling anew.
Subsection (A)(2)(a) provides that “[t]he filing of the request for a review of a claim shall suspend the time within which suit must be instituted ... until ninety days following notification, by certified mail ... to the claimant or his attorney of the issuance of the opinion by the medical review panel.” The chairman has five days from the issuance of the report to submit a copy of it to the board and all parties and attorneys by registered or certified mail. La. 40:1299.47(J).
Under these provisions, prescription is suspended until ninety days after the notification, by certified mail, of the issuance of an opinion. Kaltenbacher v. Jefferson Parish Service District No. 2, 424 So.2d 434 (La.App. 5th Cir.1982); LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226. In this case, notice of the opinion issued by the panel was never sent to the Williamses since there was never an opinion rendered.

La. R.S. JpO:1299.Jp7(B)(l)(b)

However, with respect to an act of malpractice which occurs after September 1, 1983, if an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be [.^dissolved without the necessity of obtaining a court order of dissolution.
A plaintiff is provided with notice of the selection of the attorney chairman. That notice alerts them that prescription tolls anew either ninety days after they receive notice of the issuance of an opinion pursuant to Subsection A as previously discussed or, if an opinion is not rendered, twelve months after receiving notice of the selection of the attorney chairman.
Subsection (B)(1)(b) of the State Medical Malpractice Act states that “[i]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the commissioner to the selected attorney and all other parties, ... suit may be instituted.” (emphasis added). Therefore, under the above provisions, prescription is suspended for a period of twelve months after the date of notification of the selection of the attorney chairman by the commissioner to the selected attorney and all other parties. The record is devoid of any evidence that the notice of the selection of the attorney chairman was sent to the Williamses; the Williamses were not served with this required notice.

La. C.C.P. art 191k, in pertinent part

(A) When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
(B) The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall *850 have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
In certain situations, plaintiffs are also provided with a right to notice pursuant to La. C.C.P. art.1914 which provides that “[w]hen a case has |fibeen taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, ... [t]he clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel.”
The Williamses assert that although they were aware that LSUMC was filing a motion for extension, they never received a copy of the order granting the extension. The trial court did find that the Williamses were “served” with the motion based on the certification attached to the motion that the motion was served on opposing attorney “by depositing a copy of [it] in the United States Mail” on July 21, 1998. There is no evidence that the Williamses were served with the order or in any way informed that the motion had been granted. The motion for extension was filed on July 29,1998, but the order was not signed by the district judge until July 31, 1998. Since the order was not signed until ten days after it was sent by mail to the Williamses’ attorney and two days after the motion was filed, and since it was not signed in the presence of counsel or the plaintiffs, the motion was “taken under advisement.” Succession of Schulz, 612 So.2d 247 (La.App. 4th Cir.1992); ERI, Inc. v. Weinstein, 95-917 (La.App. 3d Cir.8/21/95), 663 So.2d 103. As such, pursuant to art.1914, the Williamses should have received notice of the rendition of the order extending the panel. Although they knew that the extension was being requested, under the facts and circumstances of this case, this was insufficient to inform them that an extension had been granted.
In sum, the Williamses did not receive the required notices of the issuance of an opinion, the selection of the attorney chairman by the | commissioner, or an order granting an extension of the Medical Review Panel. Notably, the Commissioner was also unaware that an extension had been granted. The Commissioner sent notice to the attorney chairman on June 23, 1999, advising the chairman that the claim was being dismissed as of August 8, 1998 because “no opinion [had] been rendered within one year of the appointment of the attorney/chairman and no court extensions [had] been obtained.” As such, the Williamses did not receive the requisite notice of when the panel would be dissolved and they were therefore deprived of their procedural due process right of notice.

La. R.S. W:129947(B) (3)

Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
LSUMC argues that no notice is required of the expiration of any court-ordered extension, citing Grantham v. Dawson, 27,798 (La.App.2d Cir.1/24/96), 666 So.2d 1241, writs denied, 96-0487 (La.3/29/96), 670 So.2d 1228, and 96-0459 (La.3/29/96), 670 So.2d 1230, which held that an attorney chairman of the Medical Review Panel does not have to notify the parties that the panel has dissolved upon the expiration of the court-ordered time extension.
Subsection B(3) of the State Medical Malpractice Act provides that “[n]inety *851 days after the notification to all parties by certified mail by the attorney chairman or the commissioner of the dissolution of the state medical review panel or ninety days after the expiration of any courtjordereds extension, ... the suspension of the running of prescription ... shall cease.”
On the narrow facts and circumstances of the instant case, we distinguish Grant-ham. In Grantham, the plaintiffs attorney of record was sent a certified copy of the filing of the defendant’s motion for extension and the order granting the motion which was promptly signed by the trial court. When the defendant discovered that the plaintiff was no longer represented by that attorney, defendant informed the panel chairman who attempted to contact the plaintiff through letters. In sum, the plaintiff in Grantham received notice of the extension through the attorney of record and through several attempts at direct contact. In the instant case, although the Williamses were aware that LSUMC had filed a motion, they were not informed that the extension had been granted. Since the trial court did not immediately sign the order, instead taking it under advisement, and the order was signed ten days after it was certified as having been sent to the Williamses, and no attempts were made to inform the Williamses of the grant of the extension, the Williamses were denied basic due process notice which was afforded the plaintiffs in Grantham.
The expiration of a court-ordered extension results in the dissolution of the medical review panel. However, this dissolution is precipitated by several notices, notice of the selection of the attorney chairman, notice of the issuance of an opinion, and notice of' the grant of a court-ordered extension. If a plaintiff is provided with those notices, then the plaintiff has notice of when the medical review panel will dissolve and when prescription begins to toll anew. In the instant case, the Williamses were not provided with adequate notice to alert them as to when the panel would ^dissolve. Under the narrow facts and circumstances of this case, a finding that the Williamses’ cause of action had prescribed would be a violation of their procedural due process right to notice.
When the Williamses were provided with adequate notice, as required by La. 40:1299.47, of the dissolution of the Medical Review Panel, they instituted a suit within ninety days. Finding that the Williamses filed suit within ninety days of receiving adequate notice of the dissolution of the panel, we find that under the circumstances, the Williamses’ suit is timely,

Conclusion

Based upon the specific facts and circumstances of this case, the judgment granting the exception of prescription is reversed, at LSUMC’s cost. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.