STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

NO: CW 06-00653

GARY L. MILLER
VERSUS
CONAGRA, INC.

FILED: 05/17/06

On application of Conagra, Inc. for SUPERVISORY WRIT in No. 70,371 B on the docket of the Tenth Judicial District Court, Parish of Natchitoches, Honorable Dee A. Hawthorne.

| | Counsel for: |
|---|---|
| William Preston Crews, Jr. | Conagra, Inc. |
| | Counsel for: |
| Craig Alan Davis | Gary L. Miller |

Lake Charles, Louisiana, on July 19, 2006.

**WRIT GRANTED IN PART AND MADE PEREMPTORY; WRIT DENIED IN PART.**

Insofar as the Defendant-Relator, ConAgra, Inc. a/k/a Pilgrim's Pride Corporation, seeks reversal of the trial court's ruling denying the motion for new trial, we deny the instant writ application. The denial of a motion for new trial can be assigned as error on the appeal from the final judgment. *See Firemen's Pension and Relief Fund For the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1982); *Moran v. G&G Construction*, 03-2447 (La.App. 1 Cir. 10/29/04), 897 So.2d 75, *writ denied*, 04-2901 (La. 2/25/05), 894 So.2d 1148. Therefore, the Defendant has an adequate remedy through an ordinary appeal.

Insofar as the Defendant seeks review of the trial court's ruling denying the Defendant's motion for a suspensive appeal and granting a devolutive appeal, we find that the trial court erred. When a timely motion for new trial has been filed, the delays for seeking an appeal begin to run upon the mailing of notice of the denial of the motion for

new trial. La.Code Civ.P. art. 2087 and 2123. Pursuant to La.Code Civ.P. art. 1914, the denial of a motion for new trial must be accomplished through a written judgment and notice thereof sent by the clerk. In the instant case, the trial court issued only written reasons which included a provision that the motion for new trial was denied. This action does not fulfill the mandatory requirements of Article 1914. *See ERI, Inc. v. Weinstein*, 95-917 (La.App. 3 Cir. 8/21/95), 663 So.2d 103. Thus, the delays for seeking an appeal have not yet begun to run, and the Defendant's motion for appeal was premature. La.Code Civ.P. art. 2087 and 2123. *See also City of Kaplan v. Mayard*, 616 So.2d 826 (La.App. 3 Cir. 1993). We hereby remand this case to the trial court for further proceedings in accordance with this court's ruling herein.

We deny the motion to dismiss the writ application filed by the Plaintiff-Respondent, Gary L. Miller.


_____    _____    _____
      S. R. C.               J. D. S.               O. A. D.