# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-952

**MILLE S. MCFADDEN**

**VERSUS**

**IMPORT ONE, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-10301 "J"
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED, AS AMENDED.**

**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellee:**
**Millie S. McFadden**

**Dr. Harry Washington Ezim  Jr.**
**Harry W. Ezim, Jr. & Assoc.**
**7142 Florida Blvd., 2nd Floor**
**Baton Rouge, LA 70806**
**(225) 929-7785**
**Counsel for Defendants/Appellants:**
**Import One, Inc.**
**Kim Guidry**

**Dean Michael Esposito**
**Harry W. Ezim, Jr. & Assoc.**
**7142 Florida Blvd., 2nd Floor**
**Baton Rouge, LA 70806**
**(225) 929-7785**
**Counsel for Defendants/ Appellants:**
**Import One, Inc.**
**Kim Guidry**

**Mark David Plaisance**
**Attorney at Law**
**P. O. Box 709**
**Baker, LA 70704-0709**
**(225) 775-5297**
**Counsel for Defendants/Appellants:**
**Import One, Inc.**
**Kim Guidry**

**Bianca L. Lee**
**Harry W. Ezim, Jr. & Assoc.**
**7142 Florida Blvd., 2nd Floor**
**Baton Rouge, LA 70806**
**(225) 929-7785**
**Counsel for Defendants/Appellants:**
**Import One, Inc.**
**Kim Guidry**

**SAUNDERS, Judge.**

This is a case where a consumer wishing to purchase a vehicle and a business that sells vehicles negotiated a sales agreement that was dependant upon the business obtaining financing for the consumer in order to perfect the sale. As part of the purported sale, the business took the consumer's vehicle as a trade-in.

The business was unable to obtain financing according to the agreed upon terms. However, the business was able to obtain financing for the consumer at a higher interest rate with a longer life of the loan. The business did this in order to keep the monthly payments close to the original agreed upon financing terms. The consumer refused to enter into second financing agreement and requested that she return the vehicle to the business and the business return her vehicle to her. The business refused and sent a letter to the consumer threatening to report the business' vehicle in the consumer's possession as stolen if the consumer did not agree to enter into a sale.

The business reported the vehicle as stolen, as it had threatened. Law enforcement seized the vehicle at the consumer's workplace in front of the consumer's coworkers and clients. After the business obtained possession of the vehicle, it refused to return the consumer's vehicle to her.

Thereafter, the consumer filed suit against the business alleging, *inter alia*, that the business had engaged in unfair trade practices under La.R.S. 51:1401, et seq. and that the business committed conversion of her vehicle. The consumer filed suit and also filed a complaint with the Louisiana Attorney General's office against the business for unfair trade practices under La.R.S. 51:1401, et seq. After a trial, the trial court awarded the consumer damages for conversion, loss of use of the vehicle, insurance payments made on the vehicle, humiliation and embarrassment, and

attorney's fees under La.R.S. 51:1409(A).

Both parties appealed. We affirm, as amended, and award the consumer attorney's fees for work done on appeal.

**FACTS AND PROCEDURAL HISTORY:**

In January 2008, Millie S. McFadden (McFadden) went to the Lafayette, Louisiana location of Import One, Inc. (Import One) to purchase a vehicle. She selected a 2005 Infiniti G35 and signed a sales agreement that reflected a purchase price of $27,462.86 with a condition that Import One would obtain the financing for McFadden at an interest rate of 7.82% from Capital One Bank. Also part of the sales agreement was that McFadden agreed to trade in her 2002 Saturn L300. Although the sales agreement was not contemporaneously signed by Import One, it allowed McFadden to leave with the Infiniti while it retained possession of the Saturn.

Later, Import One learned that Capital One refused to finance McFadden's loan. At that point, Kim Guidry, Import One's general manager, obtained financing for McFadden from Trustmark National Bank at a rate of 9.69%. Import One informed McFadden of this change and attempted to enter into a second sales agreement with her for the Infiniti. McFadden refused and told Import One that she would either abide by the first financing agreement or that she wanted her Saturn returned.

McFadden, on multiple occasions, attempted to return the Infiniti to Import One in exchange for her Saturn. Import One refused, instead attempting to force McFadden to agree to purchase the Infiniti. Import One then sent a letter to McFadden wherein it stated that it would report the Infiniti as stolen if McFadden did not return the vehicle. In response, McFadden again attempted to arrange that she

2

return the Infiniti in exchange for the Saturn. Rather than make this exchange, Import One reported the Infiniti as stolen.

In early March 2008, the Crowley Police went to McFadden's workplace due to the report filed by Import One and took possession of the Infiniti. Thereafter, the police returned the Infiniti to Import One. After Import One gained possession of the Infiniti, it still refused to return McFadden's Saturn.

On March 25, 2008, McFadden filed suit against Import One seeking return of her vehicle and damages for, *inter alia*, conversion, insurance payments, car payments, loss of use, humiliation and embarrassment, and attorney's fees. On June 19, 2008, the Louisiana Attorney General's office sent a letter to Import One notifying it that McFadden sought the return of her vehicle and that McFadden alleged that Import One had engaged in unfair trade practices under La.R.S. 51:1401, et seq. Still, Import One did not return McFadden's Saturn until September 2008.

After a trial on the merits, the trial court awarded McFadden damages for conversion, embarrassment and humiliation, loss of use of her vehicle, insurance and car payments made on her vehicle, and attorney's fees. The trial court denied McFadden's claim to entitlement of treble damages under La.R.S. 51:1401, et seq. Both parties appealed the judgment of the trial court, alleging the following assignments of error:

**IMPORT ONE'S ASSIGNMENTS OF ERROR:**

1. The trial court erred in ruling that Import One committed the act of conversion.

2. The trial court erred in awarding McFadden damages for insurance payments, car payments, and conversion since it awarded specific damages for loss of use and embarrassment and humiliation.

3. The trial court erred in awarding McFadden attorney's fees.

3

**McFADDEN'S ASSIGNMENT OF ERROR:**

1.  The trial court erred in failing to award treble damages under La.R.S. 51:1409(A) which allows treble the actual damages as well as reasonable attorney's fees.

**IMPORT ONE'S ASSIGNMENT OF ERROR NUMBER ONE:**

Import One alleges in its first assignment of error that the trial court erred in ruling that Import One committed the act of conversion.

The facts at issue on this particular assignment are not in dispute. We must determine, given the undisputed facts, whether the trial court was legally correct in finding that Import One committed conversion on McFadden's Saturn. When conducting a review of such questions of law, appellate courts merely determine whether the lower court was legally correct. *Sanchez v. La. Nursery*, 09-1247 (La.App. 3 Cir. 4/7/10), 34 So.3d 1047.

The Louisiana Supreme Court, in *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 98-343, pp. 4-5 (La. 12/1/98), 721 So.2d 853, 857, defined conversion as the following (emphasis added):

> A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) *possession is withheld from the owner or possessor*; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 1-2, at 3 (1996 & Supp.1998); *Importsales, Inc. v. Lindeman*, 92 So.2d 574 (La.1957); *see also Louisiana State Bar Assoc. v. Hinrichs,* 486 So.2d 116 (La.1986).

Import One argues that no conversion took place because McFadden offered the Saturn as trade-in for the Infiniti, and, at that time, she voluntarily executed documents to complete her intended purchase of the Infiniti. It contends that Import One was justified in the subsequent withholding of McFadden's Saturn because the

4

parties were involved in a bona fide dispute as to whether McFadden had purchased the Infiniti, and Import One "continued to operate under the good faith belief that a sale had taken place and that it had the rightful ownership to McFadden's Saturn."

First, this court has stated, in a case that is cited in Import One's brief, that "good faith on the part of the defendant is not a defense to the tort of conversion." *Ducote v. City of Alexandria*, 95-1269, p. 5 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118, 1122 (citations omitted). Thus, Import One's argument is misguided.

Second, this argument raised by Import One is disingenuous. On one hand, Import One argues that it was justified in keeping the Saturn because of a bona fide dispute whether there was a sale based on a good faith belief that it owned the Saturn. On the other hand, Import One argues that it was also justified in reporting to law enforcement that the Infiniti was stolen by McFadden and have it seized from her at her workplace because Import One always owned the Infiniti.

We take issue with this argument because Import One had the Infiniti seized months prior to returning the Saturn to McFadden. Thus, its "good faith belief that it owned the Saturn" is counterintuitive. In order to genuinely make this argument, Import One must have believed that it owned both cars at the same time. Import One is a sophisticated entity that engages in the sale of vehicles as a business. Surely, such a belief could not have been held in good faith.

Focusing on the case before us, the trial court based its judgment that Import One committed conversion on a finding that no sale had taken place between Import One and McFadden. Thus, the trial court found that McFadden was the owner of the Saturn throughout the dispute. Import One did not assign as error, nor did it argue that the trial court erred in finding that no sale had taken place between the parties.

5

Further, Import One admittedly withheld possession of the Saturn from McFadden even after McFadden tried to return the Infiniti in order to retrieve her Saturn, and even after law enforcement seized the Infiniti and returned it to Import One at Import One's behest. Given these facts, it is abundantly clear that Import One committed conversion of McFadden's Saturn, as McFadden's possession of the Saturn was withheld from her. Accordingly, we find that the trial court did not err as a matter of law, and the judgment of the trial court in this regard is upheld.

**IMPORT ONE'S ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, Import One argues that the trial court erred in awarding McFadden damages for insurance payments, car payments, and conversion since it awarded specific damages for loss of use and embarrassment and humiliation. Import One's contention in this assignment is two-fold: that the trial court improperly awarded duplicitous damages; and that the trial court awarded excessive damages.

The standard of review applicable to these two contentions is different. Damages for conversion are awarded under La.Civ.Code art. 2315(A).[1] As is clear from the language of La.Civ.Code art. 2315, its goal is to make the plaintiff whole. *See Roman Catholic Church of Archdiocese of New Orleans v. La. Gas Serv. Co.*, 618 So.2d 874 (La.1993). As such, an award of duplicate damages under La.Civ.Code art. 2315, as Import One contends occurred in the case before us, is an error of law, and an appellate review of such errors of law are via de novo review. *Sanchez*, 34 So.3d 1047.

Import One first contends that the trial court erred in awarding duplicate

---

[1] Louisiana Civil Code Article 2315(A) states, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

6

damages. We agree.

Import One fails to specifically address which items it deems duplicitous. However, our review of the record indicates that the award for loss of use of the Saturn and for reimbursement of car payments McFadden made on the Saturn are close enough in kind to support a finding by this court that the trial court erred in awarding both to McFadden.

Had the Saturn properly been returned to McFadden, she would still have had to make the payments on the vehicle per her previous financing arrangements, yet she would not have made payments for a rental vehicle. Alternatively, McFadden would have had to make payments on the Infiniti or for a rental vehicle. Thus, she would have been making payments on whichever vehicle she was using while she was using it. The award by the trial court absolves McFadden from making any type of payments on any vehicle, while still having use of at least one vehicle, either the Infiniti or the rental. This position makes McFadden more than whole, and, therefore, is an error of law.

Accordingly, we amend the judgment awarded to McFadden by removing the award of $2,446.60 for reimbursement of car payments, as it is duplicitous. We find no other error by the trial court in awarding duplicate damages to McFadden.

Next, we must address the propriety of the amounts of damages awarded for each item properly given to McFadden. Whether the lower court, in properly choosing to award damages, does so excessively is merely a quantum assessment that is reviewed on appeal by the *much discretion* standard. *Reck v. Stevens*, 373 So.2d 498 (La.1979). Thus, on the second contention, our function is not to replace the judgment of the trial court with our own. However, if an abuse of discretion is found,

7

we can lower the award to the highest point reasonably within the discretion afforded the trial court. *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976).

As before, Import One fails to address which award it asserts was abusively high. Thus, we will look to the record and analyze each item.

The award of insurance payments was specifically proven to be that exact amount by McFadden. Likewise, the award for conversion was fixed at the value of the Saturn at the time it was withheld from McFadden by Import One: $5,000.00. The award for loss of use of the vehicle $1,250.00 was calculated by using the actual cost incurred by McFadden in retaining a rental vehicle. Therefore, there is a basis in the record for these awards, and they are not abusively high.

An award of $1,000.00 for the embarrassment and humiliation for having a vehicle taken by police as it was maliciously reported as stolen by Import One, to this court, is certainly not abusively high. In fact, the opposite may be true, given that these events transpired in view of McFadden's coworkers and clients. However, McFadden has not raised as error that this award was abusively low. Accordingly, we uphold the amount awarded by the trial court.

Finally, the trial court awarded McFadden $11,475.00 in attorney's fees. The evidence in the record is such that McFadden's attorney worked fifty-one hours on the case. This calculates to a $225.00 per hour rate. A review of work performed at the trial level suggests that this hourly rate and the number of hours that McFadden's counsel claimed to have worked on the case are both reasonable and, thus, not abusively high.

In summation, we find that the trial court erred in awarding duplicate damages to McFadden for the loss of use of her Saturn and for reimbursement of the payments

8

made on loan for her Saturn. We amend the judgment to remove the award of reimbursement to McFadden for car payments she made on the Saturn while it was in the possession of Import One. We find no other duplicate damages. Further, we find that none of the remaining awards given by the trial court were abusively high.

**IMPORT ONE'S ASSIGNMENT OF ERROR NUMBER THREE:**

In its final assignment of error, Import One asserts that the trial court erred in awarding McFadden attorney's fees. We do not agree.

By law, it is necessary that an award of attorney's fees is authorized by statute or contract. *State, Dept. of Transp. and Dev. v. Wagner*, 10-50 (La. 5/28/10), 38 So.3d. 240. Louisiana Revised Statutes 51:1409(A) (emphasis added) states in pertinent part:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [La.]R.S. 51:1405 may bring an action individually but not in a representative capacity to recover actual damages. . . . In the event that damages are awarded under this Section, the court *shall* award to the person bringing such action reasonable attorney fees and costs.

The language of La.R.S. 51:1409(A) is clear. If an entity utilizes unfair trade practices and a consumer is awarded damages based on the consumer's loss of property or money as a result of those practices, then it is mandatory that the trial court award attorney's fees to the consumer.

Thus, the first step in our review is limited to whether the trial court's finding that Import One employed unfair trade practices is correct. "The determination of what constitutes an unfair trade practice is fact-sensitive and, as such, can only be decided on a case-by-case basis." *Doland v. ACM Gaming Co.*, 05-427, p. 8 (La.App. 3 Cir. 12/30/05), 921 So.2d 196, 202.

9

> "[C]onduct that violates the Unfair Trade Practices Act must involve fraud, misrepresentation, deception, or unethical conduct." *Glod v. Baker*, 04-1483, p. 11 (La.App. 3 Cir. 3/23/05), 899 So.2d 642, 649[, *writ denied*, 05-1574 (La. 1/13/06), 920 So.2d 238] "A trade practice is considered unfair when it offends established public policy and when it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Laurents v. La. Mobile Homes, Inc.*, 96-976, p. 10 (La.App. 3 Cir. 2/5/97), 689 So.2d 536, 542 (citing *Thomas v. Busby*, 95-1147 (La.App. 3 Cir. 3/6/96), *writ granted and judgment vacated*, 96-[]891 (La.5/17/96), 673 So.2d 601, *aff'd on remand*, 95-1147 (La.App. 3 Cir. 11/13/96), 682 So.2d 1025, *writ denied*, 96-2990 (La. 2/21/97), 688 So.2d 517).

*Brown v. Romero*, 05-1016, pp. 6-7 (La.App. 3 Cir. 2/1/06), 922 So.2d 742, 746-47, *writ denied*, 06-480 (La. 5/5/06), 927 So.2d 315.

Given that the seminal determination of whether an entity is in violation of La.R.S. 51:1405 is fact based, the standard of review applicable to the first step in reviewing this assignment is manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In the case before us, both Import One and McFadden argue extensively regarding whether it was proper for the trial court to find that Import One wrongfully seized the Infiniti from McFadden. The trial court did state that it found Import One wrongfully seized the Infiniti from McFadden while orally giving reasons for its eventual ruling. However, the final judgment rendered by the trial court made no mention of damages awarded to McFadden due to wrongful seizure, and the final judgment was for Import One committing conversion on McFadden's Saturn. This court, in *LaRocca v. Bailey*, 01-618, p. 12 (La.App. 3 Cir. 11/7/01), 799 So.2d 1263, 1270-71, stated the following:

> "When the oral reasons or minute entry conflicts with the written judgment, the latter governs. The trial judge may, within his authority, render judgment which differs substantially from his prior oral statements. Such oral reasoning forms no part of the judgment. It is the formal, signed judgment which governs the controversy." *Marino v.*

*Marino*, 576 So.2d 1196, 1198 (La.App. 5 Cir. 1991)[] ([c]itation omitted). Even written reasons for judgment contained in the record are unappealable until qualified within the context of a written, final, and appealable judgment. *City of Kaplan v. Mayard*, 616 So.2d 826 (La.App. 3 Cir. 1993).

Therefore, we will not address the issue of wrongful seizure of the Infiniti, as that issue is not properly before this court. Rather, we will address whether Import One's actions in committing conversion on McFadden's Saturn throughout the dispute can reasonably be characterized as a violation of La.R.S. 51:1404.

After a thorough review of the record, we find that a reasonable basis exists in the record for the trial court to find that Import One violated La.R.S. 51:1404. Neither party argues that the trial court was incorrect in finding that there was never a sale due to Import One's inability to gain financing for McFadden under the agreed upon terms of the sales agreement. It is from this point that Import One's actions can reasonably deemed in violation of La.R.S. 51:1404. After failing to secure financing for McFadden at the agreed upon terms, Import One tried to coerce McFadden into a sale with different financing terms. Once McFadden refused to enter into the second sale offered by Import One, she notified Import One of her intention to return the Infiniti in exchange for her Saturn in a letter sent on February 8, 2008. McFadden then sent Import One another letter on February 13, 2008, wherein she tried to arrange the return of the vehicles to their rightful owners on February 15, 2008. She tried to make the exchange to no avail, as Import One refused to return her Saturn to her.

Import One, through its general manager, Kim Guidry, sent McFadden a letter on February 29, 2008, that contained the following language (emphasis added):

This is to notify you that you are in possession of an Infiniti G35

11

VIN# [] that is the property of Import One, Inc. We have made numerous requests to you individually and through your counsel for payment of this vehicle. As of today[,] February 29, 2008[,] you have failed to satisfy your *required participation according to the bill of sale contracted between Import One[,] Inc. and you dated January 26, 2008.*

This is the last request that will be sent to you. If you fail to consummate *your responsibilities in accordance with this bill of sale* by Monday[,] March 3, 2008[,] at 10:00 a.m., this vehicle will be reported to the Acadia Parish Sheriff's Department as a stolen vehicle[,] [a]nd Import One will assist in every way with the prosecution of this crime.

We find the contents of this letter shocking. Import One, a sophisticated entity in the business of selling vehicles, clearly had knowledge that no sale had taken place on January 26, 2008. Yet, it chose to memorialize via writing a threat to a consumer, i.e. McFadden, that if she would not "satisfy" her "required participation" in a sale that was not legally binding, it would falsely accuse her of a crime. Clearly this conduct alone is "immoral, unethical, oppressive, unscrupulous, or substantially injurious." *See Brown*, 922 So.2d 747

However, Import One did not stop there. McFadden's attorney then sent a letter to Import One on March 2, 2008, again offering to exchange the vehicles. Import One did not accept that offer. Instead, it actually reported the Infiniti as stolen. From that false report, the Crowley Police went to McFadden's work environment and questioned her regarding the reported theft in front of coworkers and clients. Thankfully, the Crowley Police exercised exorbitantly better judgment than Import One, as once they were made aware of the circumstances, they simply repossessed the vehicle rather than arrest McFadden.

This conduct alone clearly validates the trial court's finding that Import One violated La.R.S. 51:1404 as reasonable, but Import One was not finished. Once Import One had the Infiniti in its possession, it continued to violate La.R.S. 51:1404

12

by refusing to return McFadden's Saturn to her. It was not until September 2008, when Import One relinquished the Saturn to McFadden, that its conduct could no longer reasonably be considered in violation of La.R.S. 51:1404.

We note that not all actions for conversion will amount to unfair trade practices under La.R.S. 51:1401, et. seq. However, as cited above in *Doland v. ACM Gaming Co.*, 921 So.2d 196, whether conduct rises to a level so as to be deemed unfair trade practices is left up to the courts to decide on a case-by-case basis. Given the disgraceful conduct displayed by Import One in this case, essentially holding McFadden's vehicle hostage in an attempt to coerce a sale from her, it is clear that this conduct violates La.R.S. 51:1401, et. seq., regardless of the moniker attached to the conduct.

Import One attempts to minimize its actions to get McFadden to agree to the altered terms in the second sale by stating that the payments according to the terms of the second financial arrangement would only result in McFadden paying an extra eighty-three cents monthly. While this may be true, Import One neglects to point out that the interest rate was increased nearly two percentage points on the second loan. We are not told the length of the proposed second financial arrangement and, given an increase in nearly two percentage points, it well may be that the life of the loan was much greater. However, the second financial arrangement is certainly different from the first, and it is less favorable to McFadden. Thus, she was justified in refusing to accept the terms of the second financial arrangement.

Having concluded that Import One unequivocally violated La.R.S. 51:1404, we must now determine whether the trial court awarded any damages to McFadden based on her loss of property or money as a result of those practices. We find that it did.

13

The trial court awarded McFadden $5,000.00 for conversion of the Saturn as a result Import One's improper conduct and $1,250.00 as compensation for McFadden's loss of use of the Saturn. The Saturn was the property of McFadden. Thus, the attorney's fees awarded to McFadden were proper by the trial court as La.R.S. 51:1409(A) mandates an award of attorney's fees to McFadden. Accordingly, we find that this assignment of error raised by Import One is without merit.

**McFADDEN'S ASSIGNMENT OF ERROR:**

McFadden argues that the trial court erred in failing to award treble damages under La.R.S. 51:1409(A). We find that this assignment has merit.

McFadden's assignment posits a question of law. As such, we will conduct a de novo review of the record to determine whether the trial court was legally correct in failing to award McFadden treble damages under La.R.S. 51:1409. *Sanchez*, 34 So.3d 1047.

Louisiana Revised Statutes 51:1409(A) states, in pertinent part:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [La.]R.S. 51:1405 may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained.

A letter was sent by the Louisiana Attorney General to Import One and "Kim A. Landry" with a notice date of June 19, 2008. That letter states (emphasis in original),

[t]he purpose of this notice is to place **Import One, Inc. and Kim A.**

14

**Landry** on notice of [McFadden's] claim, and provide the defendant the opportunity to evaluate its position and[,] if necessary[,] to cease such activity. Having received this notice, should the same be found, by a court of competent jurisdiction, to constitute a violation of Louisiana Revised Statute 51:1401, et seq., the Unfair Trade Practices Act and Consumer Protection Law, the petitioner in said suit will have fulfilled the notice requirement under La.R.S. 51:1409, and may be entitled to treble damages under the statutes.

The language of La.R.S. 51:1409(A) is clear. If the conduct in violation of La.R.S. 51:1409(A) continued after the attorney general's notice, treble damages *shall* be awarded. The award of treble damages is mandatory if the criteria are met, not discretionary.

The trial court awarded $5,000.00 to McFadden for Import One's conversion as well as $1,250.00 for the loss of use of her Saturn, yet did not award McFadden treble damages. The conduct that gave rise to these damages continued after Import One was placed on notice of exposure to treble damages.

Import One first argues against the award of treble damages by contending that any conduct in violation of La.R.S. 51:1405 that it had was prior to that date. This contention lacks merit. Import One continued its conversion of McFadden's Saturn causing McFadden damages for the loss of use of her Saturn in an attempt to coerce McFadden into a sale until September 2008. Thus, the conduct continued after June 19, 2008, the date notice was received by Import One.

Next, Import One argues that it did not receive proper notice as person referenced in the letter was Kim A. Landry rather than Kim Guidry, Import One's general manager. This argument is without merit in two regards. First, the trial court's judgment was against Import One, not Kim Guidry who was dismissed by the judgment. Thus, the argument on Guidry's behalf is moot, as the notice for potential

15

exposure of treble damages needs to be properly given to Import One, not Guidry. Second, the letter was sent to the proper address of Import One, and the letter clearly references the pending case at the trial court level and the name of the individual filing the complaint. To claim that Import One had no notice of the potential for treble damages is unreasonable considering the letter specifically states that McFadden "will have fulfilled the notice requirement under La.R.S. 51:1409, and may be entitled to treble damages under the statutes."

Accordingly, we find that the trial court committed legal error by not awarding McFadden treble damages. Accordingly, we amend the judgment to reflect that McFadden is awarded $15,000.00 for conversion and $3,750.00 for loss of use of her Saturn in accordance with the treble damages provision in La.R.S. 1409(A).

**ANCILLARY MATTER:**

In brief, McFadden requests additional attorney's fees for work done on appeal. We grant this request.

When an award for attorney's fees is granted at a lower court level, the recipient of those fees is entitled to additional fees for work done on appeal. This keeps the appellate judgment consistent with the underlying judgment. *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170.

A review of work performed on appeal suggests that $5,000.00 in attorney's fees is reasonable. Accordingly, we grant this request and award McFadden $5,000.00 in additional attorney's fees for work done on this appeal.

**CONCLUSION:**

Import One raises three assignments of error. We find that the trial court improperly awarded McFadden for the loss of use of the Saturn and for reimbursement for car payments she made on the Saturn, as they are duplicitous. Thus, we amend the judgment to remove the award to McFadden for reimbursement of the car payments she made on the Saturn. The remaining assignments of error raised by Import One are without merit.

McFadden raised one assignment of error, that the trial court was in legal error in failing to award her treble damages under La.R.S. 51:1409(A). We found that the trial court failed to award McFadden treble damages for conversion and loss of use of her Saturn, as Import One's conduct in violation of La.R.S. 51:1401, et seq. continued after the Louisiana Attorney General had properly put Import One on notice of this potential. The statute mandates that these damages are awarded after the criteria for their award have been met, and the trial court failed to do so. Thus, we amend the judgment to reflect that McFadden is awarded $15,000.00 for conversion and $3,750.00 for loss of use of her Saturn in accordance to the treble damages provision in La.R.S. 51:1409(A).

Finally, McFadden requested and was awarded attorney's fees for work done on this appeal in the amount of $5,000.00. All costs of this appeal are taxed to Import One.

**AFFIRMED, AS AMENDED.**