NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 15-292


JOSEPH BABINEAUX

VERSUS

UNIVERSITY MEDICAL CENTER FOUNDATION, ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20124521
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of Judges John D. Saunders, Marc T. Amy, and D. Kent Savoie.


MOTION TO DISMISS APPEAL DENIED.

Jeannie C. Prudhomme
Asst. Attorney General
556 Jefferson St., 4th Floor
Lafayette, LA 70501
(337) 262-1700
COUNSEL FOR DEFENDANT/APPELLEE:
 State of Louisiana, through the Board of Supervisors of Louisiana State
 University and Agricultural & Mechanical College, Louisiana State
 University Health Sciences Center

**Catherine Marie Landry**
**Mandy A. Simon**
**Preis & Roy**
**Post Office Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Goodwill Industries of Acadiana,Inc.**

**Rusty Galloway**
**Britney L. Hebert**
**Galloway Jefcoat**
**Post Office Box 61550**
**Lafayette, LA 70506**
**(337) 981-8020**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Joseph Babineaux**

**AMY, Judge.**

The defendant-appellee, Goodwill Industries of Acadiana, Inc. (Goodwill), moves to dismiss the appeal of the plaintiff-appellant, Joseph Babineaux, for having been taken from an interlocutory judgment denying Mr. Babineaux' motion for new trial. For the reasons given below, we deny the motion.

On June 27, 2014, the trial court signed a judgment dismissing all of Mr. Babineaux' claims, with prejudice. On July 1, 2014, the trial court again signed a judgment dismissing all of plaintiff's claims, with prejudice. The district court's clerk's office sent notice of the signing of these judgments on July 3, 2014.

Mr. Babineaux filed a motion for new trial on July 9, 2014. The trial court signed a judgment denying the motion for new trial on September 25, 2014. Notice of this judgment was mailed on September 29, 2014.

On November 3, 2014, Mr. Babineaux filed a motion and order for a devolutive appeal, which order was granted by the trial court on November 3, 2014. The order of appeal references only the judgment that was signed on September 25, 2014, i.e., the judgment denying Mr. Babineaux' motion for new trial.

The record in this appeal was lodged by this court on March 31, 2015. Mr. Babineaux filed his appellate brief with this court on April 28, 2015. On May 15, 2015, Goodwill filed both its appellate brief and the instant motion to dismiss.

In the motion to dismiss, Goodwill contends that no appeal lies from the interlocutory order denying Mr. Babineaux' motion for new trial. La.Code Civ.P. art. 2083. Goodwill points out that in his "Statement of Jurisdiction," Mr. Babineaux reiterates that he is seeking review of only the denial of his motion for new trial. Further, Goodwill asserts that Mr. Babineaux' appellate brief limits its argument to seeking reversal of the order denying his new trial motion, not the

judgment granting of summary judgment. Therefore, Goodwill prays for this court to dismiss this appeal.

This court agrees with Goodwill that no appeal lies from an order denying a motion for new trial. "[I]n cases in which the motion for appeal states that the appeal is being taken only from the judgment on a motion for new trial but the appellant exhibits the intent to appeal the judgment on the merits, this court has held that the appeal can, nonetheless, be considered as an appeal of the judgment on the merits." *Edwards v. Southeastern Freight Lines, Inc.*, 14-871, p. 3 (La.App. 3 Cir. 10/15/14), 149 So.3d 1020, 1021 (citations omitted).

Unlike the interpretation of Mr. Babineaux' brief offered by Goodwill, in reading Mr. Babineaux' appellate brief, this court interprets Mr. Babineaux' brief to argue against the grant of summary judgment, not just the denial of his motion for new trial. We find that in his argument on his first assignment of error, Mr. Babineaux contends that the trial court erred in failing "to Take Plaintiff's Memorandum in Opposition Into Account at the June 23, 2014 Hearing on the Motion for Summary Judgment." Counsel for Mr. Babineaux asserts that he failed to appear at the hearing on the motion for summary judgment solely because he did not receive notice of the hearing date. He states, "as it appears from the minutes of the court that the Trial Judge did not take into consideration any of the briefs and exhibits filed by the Plaintiff, that failure can only be construed as a manifest error and reason alone to remand." (Footnote omitted.) Furthermore, in the conclusion of his appellate brief, Mr. Babineaux "asks this Court to reverse the granting of the Motion for Summary Judgment by the Trial Court and remand this matter back to the Trial Court for a rehearing on the Motion for Summary Judgment."

2

Appeals are favored in law and should not be dismissed on a mere technicality. *See U.S. Fire Ins. Co. v. Swann*, 424 So.2d 240 (La.1982). We find that Mr. Babineaux' appellate brief exhibits his intent to appeal the judgment on the merits which granted summary judgment and dismissed his action. Thus, we deny Goodwill's motion to dismiss.

We note that Goodwill is correct in observing that Mr. Babineaux also clearly does argue in his second assignment of error that the trial court committed additional error in denying his motion for new trial. Nevertheless, this court has repeatedly held that, although an appeal cannot be taken from the denial of a motion for new trial, as with any other interlocutory order entered in the course of the litigation, the order denying this motion can be assigned as error in the unrestricted appeal from the judgment on the merits. *See Miller v. Conagra, Inc.*, 06-653 (La.App. 3 Cir. 7/19/06), 935 So.2d 388, *writs denied*, 06-1994, 06-2217 (La. 11/9/06), 941 So.2d 43. Therefore, regardless of the argument in Mr. Babineaux' brief that the trial court also erred in denying his motion for new trial, we do not find that this is a basis for dismissing his appeal from the underlying final judgment on the merits.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

3