GARRISON, Judge.
This is an appeal from a judgment of the district court rendered June 24, 1985 and providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendants, Branchy Thor-ton d/b/a Cabildo Construction Company and American Insurance Company, and against plaintiffs, Jessie Sherman, Nancy Sherman, Fanny Sherman Johnson, Louis Sherman, Bertrand Sherman, Joseph Sherman, Howard Sherman, Lawrence Sherman, Shirley Sherman, Mary Louise Sherman, Janice Sherman, Fay Sherman and Arthurine Sherman, dismissing these proceeding, [sic] Each party to bear its own costs.”
In addition, the trial court judge provided the following written reasons for judgment:
“This is a suit for workmen’s compensation death benefits under LSA-RS 23:1231 filed by the heirs of the non-dependent parent of Eli Sherman, the deceased worker. Defendants, Branchy Thornton d/b/a Cabildo Construction Company and American Insurance Company, allege that the provision which allows a lump sum payment to a non-dependent parent creates a class of beneficiaries which violates the Equal Protection Clause of the United States and Louisiana State Constitutions. For the reasons below this Court agrees with the defendants.
The facts of the case are not seriously in dispute. On July 5, 1983, Eli Sherman was working as a part-time cement finisher. The temperature rose into the 90’s and approximately at 11:30 a.m. Eli collapsed with chest pains. He died .about an hour later at Charity Hospital from hypertensive cardiovascular disease. He was survived by his mother, Corinne Sherman, several siblings, and nieces and nephews. None of these people were legally dependent upon Eli Sherman.
On September 12, 1983, Corinne died and Eli’s siblings, nieces and nephews were placed in possession of her estate. On May 18, 1984, this lawsuit was filed.
The primary issue presented is whether LSA-R.S. 23:1231 creates a class of beneficiaries which violates the Equal Protection Clause.
LSA-R.S. 23:1231 states in relevant part:
However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
Prior to the 1980 legislative amendments, dependency was the test of eligibility for receipt of compensation benefits. Nondependent relatives were effectively barred from recovery. Miller v. Lambert, 380 So.2d 695, 700 (La.App. 4 Cir.1980). The current provisions of LSA-R.S. 23:1251 et. seq. are still expressed in terms of dependency. Surviving spouses and minor children are conclusively presumed dependent while all other blood relations must prove dependency to receive benefits. Now one class of non-dependents, parents, are singled out to receive a lump sum award where no dependents exist.
The test to determine if a classification violates the Equal Protection Clause is whether the classification reasonably furthers a valid state or governmental purpose. Parham v. Huges, 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979); Flynn v. Devore, 373 So.2d 580, 584 (La.App. 3 Cir.1979).
Dependency as a basis of recovery was rationally related to the purpose of the compensation statute which is to provide for compensation, in cases of death, to *1212 the persons dependent upon the employee for support so that these persons would not be without income during the time when they would be forced to find other means of support. Flynn v. Devore, supra.
The court cannot find any rational basis for singling out non-dependent parents for a lump sum award while either excluding other non-dependents from benefits (i.e. children who have reached majority) or from requiring dependents to come into court and prove dependency.
There will be judgment accordingly.
New Orleans, Louisiana, this 24th day of June, 1985.”
(Emphasis added).
On appeal, plaintiffs-appellants raise one specification of error:
“The trial court erred in finding L.S.A. R.S. 23:1231 unconstitutional.”
Plaintiffs-appellants additionally state at page 2 of their brief “The main issue before this Court and before the Trial court [sic] was whether L.S.A. R.S. 23:1231 is constitutional. The Trial Court found the statute unconstitutional.”
Defendants-appellees state in their brief at page 3:
“The only issue before this Honorable Court is the determination of the constitutionality of LSA R.S. 23:1231 ...”
Thus it is apparent that both parties believe that the only issue on appeal is the question of unconstitutionality of the statute.
The threshhold question to be addressed is whether this court has jurisdiction to hear the appeal.
Article 5 Sec. 5(D) of the Louisiana Constitution of 1974 provides:
“In addition to other appeals provided by this constitution, a case shall be ap-pealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.”
In Derouen v. Kolb, 389 So.2d 761 (La.App. 3rd, 1980) the Third Circuit stated:
“Defendants have appealed to this court. However, this court does not have appellate jurisdiction of this case in its present posture. The Louisiana Supreme Court has exclusive appellate jurisdiction over cases in which a law of this state has been declared unconstitutional. Louisiana Constitution Article V, Section 5(D).
It is therefore ordered that this case be transferred to the Louisiana Supreme Court. The transfer is to be made within sixty days after this decree has become final; otherwise the appeal is to be dismissed. All costs of this appeal and the transfer of this case to the Supreme Court are assessed against the appellants. LSA-C.C.P. Art. 2162; LSA-R.S. 13:4441-4442; In re Gulf Oxygen-Welders Supply Profit Sharing Plan and Trust Agreement, 291 So.2d 887 (La.App. 3rd Cir.1974); reversed on other grounds 297 So.2d 663 (La.1974).
Appeal transferred to the Louisiana Supreme Court.”
R.S. 13:4441 provides as follows:
“When an appeal is taken and perfected to an appellate court having no jurisdiction thereof, the court to which it is taken may transfer it to the court having jurisdiction thereof, instead of dismissing the appeal. The appellate court to which the appeal is transferred shall proceed as if the appeal had been taken to it originally.
If an appeal is transferred erroneously to the supreme court, the latter shall retransfer it to the court having appellate jurisdiction thereof. If an appeal is transferred by a district court erroneously to a court of appeal, the latter shall retransfer it to the district court to which it was taken originally, or to the supreme court if the latter has jurisdiction thereof.
This section applies to appeals in all cases, civil or criminal, to appeals over which a court of appeal has jurisdiction but which has been taken to the wrong *1213 court of appeal, and to all courts having appellate jurisdiction.”
R.S. 13:4442 provides as follows:
“A court which orders the transfer or the retransfer of an appeal under the provisions of R.S. 13:4441 may regulate the costs thereof, and the costs of the prior transfer if retransferred, and may prescribe the delay within which the transfer or retransfer must be effected, and such other conditions as the court may deem proper.”
Accordingly, for the reasons discussed, it is ordered that this case be transferred to the Supreme Court within sixty (60) days after this decree has become final. All costs of this appeal and the transfer of this case to the Supreme Court are assessed against the appellants.
TRANSFERRED.