11 McKAY, III, Judge.
The defendants, Naomi Hoffman and the Transit Management of Southeast Louisiana Inc., (TMSEL), D/B/A/ Regional Transit Authority (RTA), appeal the judgment of the trial court awarding the plaintiff, Rochelle Davis, as administrator' of the estate of the minor child, Frank Daniels, $300,000 and finding the defendants sixty percent at fault. The plaintiff, appeals the judgment of the trial court finding the minor, Frank Daniels, forty percent at fault. We affirm.
FACTS AND PROCEDURAL HISTORY
On November 20,1997, at approximately 6:30 p.m., the defendant, Naomi Hoffman, was driving a RTA bus down Pace Boulevard in Algiers, Louisiana. As she went through the intersection of Pace Boulevard and Vespacian Street, she noticed several boys running alongside her vehicle. As she attempted to pass the children, Frank Daniels was struck by the bus.
Frank Daniels was brought to and admitted to Charity Hospital. He stayed at the hospital until November 27, 1997. He was then transferred to University Hospital’s pediatric ward. On December 1, 1997, he was released to Children’s [ ¡^Hospital for evaluation and was discharged from Children’s Hospital on December 5,1997.
*1030 As a consequence of the accident Frank Daniels suffered a closed head injury, a contused spleen, fluid on the pelvis, back and head lacerations and some hearing loss. Furthermore, while in the hospital Frank Daniels developed pneumonia, which was resolved with antibiotic treatment. Additionally, Frank Daniels missed approximately one year of school and was held back a grade
At the conclusion of the trial, the trial court awarded the plaintiff $300,000, apportioned the plaintiff 40% fault and the defendants 60% fault. The trial court additionally recognized an intervention of Charity Hospital for $19,045.74 and awarded Warren Daniels, Frank Daniel’s brother, $4,200 in Lejeune, damages as envisioned by Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).
There are two issues before this Court for review, which are questions of quantum and allocation of fault. The defendants raise issues concerning the trial court’s award of $300,000 in damages. The plaintiff asserts that the trial court erred in its allocation of fault by assigning 40% of the fault to the plaintiff and 60% to the defendant.
DAMAGES
The defendants argue that the trial court erred in awarding the plaintiff $300,000 in general damages for a closed head injury.
As to quantum issues, our initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and I «then only to assist the court in determining the highest or lowest point which is reasonable within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the require- ' ment of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from the jurisprudence is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., supra. The awards must not be obviously the result of passion or prejudice, and they should bear a reasonable relationship to the elements of the proved damages. To reduce the trier of fact’s award, we must conclude from the entirety of the evidence viewed in the light most favorable to the plaintiff, that a rational trier of fact could not have fixed the awards of general damages at the level set by the trial judge or that this is one of those “exceptional cases where such awards are so gross as to be contrary to right reason.” See, Bartholomew v. CNG Producing Co., 832 F.2d 326 (5 Cir.1987); Youn v. Maritime Overseas Corp., supra.
The standard of review for damage awards requires a showing that the trier of fact abused the great discretion accorded in awarding damages. In effect, the award must be so high or so low in proportion to the injury that it “shocks the *1031 | ¿conscience.” Moore v. Healthcare Elmwood, Inc., 582 So.2d 871 (La.App. 5 Cir.1991).
The defendants interpret the medical testimony, in particular Dr. Howing-ton’s deposition testimony, concluding that there was no permanent damage done to the child’s brain as a result of the accident and that the effects were resolved when the child was released from Charity/University Hospital. Further, the defendants conclude that in light of Dr. Ann Tilton’s deposition testimony concerning Frank Daniels’ evaluation, while at Children’s Hospital, that he had “mild receptive and severe expressive problems”, and that his hearing problems were within the normal range and were more of a auditory processing problem. Although, Dr. Tilton could not determine if the hearing loss was definitely trauma induced. The defendants argue that through the deposition testimonies of Dr. Jay Howington of Charity Hospital and Dr. Ann Tilton of Children’s Hospital, it was proven that Frank Daniels injuries were not permanent and that these injuries had resolved at the time of discharge.
The defendants’ argument that the child’s injuries were not permanent and therefore the damage award of $300,000 is excessive for the injuries sustained is ludicrous. The facts ferreted out by the trial court obviate that the court concluded that the child sustained injuries as a result of this accident and that these injuries were significant. Additionally, the trial court concluded that there were indeed residual effects of this accident.
Therefore, we must conclude that the trial court accepted the testimony of the various medical experts at face value, along with antidotal testimony of the child’s mother and concluded that the Frank Daniels deserved compensation of $300,000 for his closed head injury, which resulted in long term damages, | ¡¡including hearing loss, occasional knee pain and headaches. We find no abuse of discretion of the trial court’s great and vast discretion in the fixing of general damages in the instant case. There is nothing in the damage award that shock the conscience or would offend right reason.
COMPARATIVE NEGLIGENCE
The plaintiffs argue that the trial court erred in allocating 40% fault to Frank Daniels and 60% fault to the defendants.
The determination of whether comparative fault applies in a particular case is essentially a factual one and subject to the manifest error standard of review. Clement v. Frey, 95-1119, p. 7 (La.1/16/96), 666 So.2d 607, 610-11. Only if the apportionment of fault is found to be clearly wrong can an appeals court adjust percentages, and then only to the lowest/highest point within the factfinder’s reasonable discretion. Id. at p. 7-8, 666 So.2d at 611.
The trial court in its reasons for judgment noted that;
Given the time of the day and lighting conditions, the failure of the bus driver to sound her horn, the duty of a driver to carefully watch the children in the street; the street condition and width; the lack of adult supervision of the children (cf. Anderson v. New Orleans Public Service, Inc., 572 So.2d 775 and 583 So.2d 829); the lack of sidewalks (which would force pedestrians into the street); the statutory duty set forth in R.S. 32:212(B) respecting the duty of drivers to yield to pedestrians; and that the children were appropriately on the left side of the roadway complying with R.S. 32:216(B). the Court apportions fault at 60% to Hoffman and 40% to Frank.
La. R.S. 32:216 provides:
*1032 A. Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent highway.
B. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.
IfrLa. R.S. 32:214 provides:
Notwithstanding the foregoing provisions of this Part, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway.
The plaintiff appeals this judgment contending that the allocation of fault made by the trial court is manifestly erroneous. The trial court found that the plaintiff, Frank Daniels, was in compliance with La. R.S. 82:216(B) because he was on the left-hand side of the road on a two way street with no sidewalks. Conversely, the trial court found that Ms. Hoffman faded to blow her horn to warn the children of her presence, indicates to this Court that she was in defiance of La. R.S. 32:214.
The plaintiff specifically questions the trial court’s reasons for judgment for considering the lack of parental supervision on the part of Rochelle Davis, the mother of the Frank Daniels. Ms. Davis was allegedly confined to her home after a medical procedure and had sent Daniel and her other son Warren Davis to the store to purchase groceries. It was during the course of this errand that the accident occurred. Clearly, this was an observation by the trial court, which was incorporated into his judgment concerning the allocation of fault. The trial court, in this instance, as the trier of fact must take into consideration the entire reservoir of evidence present at trial and draw its conclusions. The fact that the trial court included the lack of parental supervision in its reasons for judgment is a mere enunciation of one of its justifications in the allocation of fault, not the crux of the decision. Furthermore, reasons for judgment are not normally considered to be a part of the judgment. The trial court’s written reasons, while defining and elucidating the principles upon which he is deciding a case, form no part of the 17official judgment he signs and from which appeals are taken. Sullivan v. Gulf States Utilities Co., 382 So.2d 184, 186 (La.App. 1 Cir.1980). See also Keys v. Box, 476 So.2d 1141, 1149 (La.App. 3 Cir.1985). We find no merit to this argument.
After reviewing the record, we find that the trial court did not commit manifest error by allocating 40% fault to Frank Daniels, the minor child, and by finding an allocation of 60% fault to the defendant, Ms. Hoffman. Accordingly, for the reasons stated, the district court’s judgment is affirmed.
AFFIRMED.