PER CURIAM.
| ,The Plaquemines Parish Government invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared Plaquemines Parish Ordinance Section 18-1 to be unconstitutional.
Pretermitting the merits, we find the appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which “a law or ordinance has been declared unconstitutional .... ” A review of the district court’s judgment indicates the court merely grants plaintiffs’ motion for summary judgment, and denies the intervention filed by Plaquemines Parish Government, without making any mention of the constitutionality of Ordinance 18-1. The only reference to constitutionality is contained in the district court’s reasons for judgment, in which it states “the ordinance is unconstitutionally vague because of a total lack of uniform rules or standards for granting or denying burrow pit permits.”
Although the district court’s reasons for judgment discuss the constitutionality of the ordinance, it is well-settled law that the trial court’s oral or written reasons form no part of the judgment. See La. Code Civ. P. art. 1918; see also Haynes v. *289 United Parcel Service, 05-2378 (La.7/6/06), 933 So.2d 765; Spiers v. Roye, 04-2189 (La.App. 1st Cir.2/10/06), 927 So.2d 1158; Davis v. Hoffman, 00-2326 (La.App. 4th Cir.10/24/01), 800 So.2d 1028; LaRocca v. Bailey, 01-0618 (La.App. 3rd Cir.11/7/01),2 799 So.2d 1263; City of Kaplan v. Mayard, 616 So.2d 826 (La.App. 3rd Cir.1993); Marino v. Marino, 576 So.2d 1196 (La.App. 5th Cir.1991).
Because there is no declaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction. Accordingly, the appeal is transferred to the court of appeal for further proceedings.