PER CURIAM.
|,The State of Louisiana invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground the district court declared certain statutory provisions unconstitutional.
Pretermitting the merits, we find the appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which “a law or ordinance has been declared unconstitutional .... ” A review of the district court’s judgment indicates nothing in the judgment declares a law or ordinance unconstitutional for purposes of La. Const, art. V, § 5(D). Rather, the district court’s judgment merely sustains defendant’s dec-linatory exception.
We acknowledge the district court’s oral reasons indicate its decision to sustain the exception may have been based on constitutional grounds. Specifically, the court’s oral reasons reference defendant’s brief, which argued retroactive application of the statutes in question violated the due process clause.
Nonetheless, it is well-settled law that the district court’s reasons for judgment do not form part of the judgment. See La.Code Civ. P. art. 1918; see also Perez v. Evenstar, Inc., 12-1003 (La.6/22/12), 91 So.3d 288; Carmena v. East Baton Rouge Parish Sheriff’s Office, 06-2680 (La.2/2/07), 947 So.2d 715; Haynes v. United Parcel Service, 05-2378 (La.7/6/06), 933 So.2d 765; Spiers v. Roye, 04-2189 (La.App. 1st Cir.2/10/06), 927 So.2d 1158; Davis v. Hoffman, 00-2326 (La.App. 4th Cir.10/24/01), 800 So.2d 1028; LaRocca v. Bailey, 01-0618 (La.App. 3rd Cir 1/7/01),2 799 So.2d 1263; City of Kaplan v. Ma- *793 yard, 616 So.2d 826 (La.App. 3rd Cir.1993); Marino v. Marino, 576 So.2d 1196 (La.App. 5th Cir.1991).
Because there is no declaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction. Accordingly, pursuant to La. Code Civ. P. art. 2162, the appeal is transferred to the court of appeal for further proceedings.[1]

. Defendant filed a "Motion to Dismiss Appeal, or in the Alternative, to Transfer to a Court of Proper Jurisdiction.” Because we determined, ex proprio motu, that we lack appellate jurisdiction, defendant’s motion is denied as moot. See Anisman v. Stanolind Oil & Gas Co., 232 La. 514, 94 So.2d 650, 652 (1957) ("[t]his Court, ex proprio motu, must determine whether it has appellate jurisdiction”).