TERRI F. LOVE, Judge.
| iThis appeal arises from the approval by the Plaquemines Parish Council of a building permit for an oil terminal. Plaintiffs are property owners near the proposed site. Plaintiffs sought the reversal of the approved permit, invalidation of the ordinance allowing the permit, and a writ of mandamus to cancel the permit. The .trial court held that the zoning ordinance was unconstitutionally vague and that the Plaquemines Parish Council abused its discretion in approving the permit application. The oil company appealed. Because this appeal is based on the trial court’s finding that the ordinance is unconstitutional, the Louisiana Supreme Court has exclusive appellate jurisdiction. Therefore, we transfer the matter to the Louisiana Supreme Court.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

NOLA Oil Terminal, Inc. (“NOLA”) applied to the Plaquemines Parish Department of Permits (“Council”) for a permit to build an oil storage terminal. Michael Mudge, William Monie, Jr., Cindy Cole Herrmann, and Ralph Herrmann (“Plaintiffs”), as nearby property owners, opposed the application of the permit. The Council adopted a resolution approving NOLA’s permit application. After the Council 'approved the permit, Plaintiffs filed a Petition for Judicial Review and 12Writ of Mandamus seeking to invalidate the permit.
Following an -unsuccessful attempt by •NOLA to remove the matter to federal *174 court, Plaintiffs filed a Motion for Summary Judgment contending that-the permit was improperly granted because § VI(M)(l)(b) of the Plaquemines Parish Zoning Ordinance is unconstitutional. NOLA filed a Petition to Intervene against Plaintiffs, which the trial court granted, and then filed exceptions of no right of action, no cause, of action, improper cumu-lation; lack of subject matter jurisdiction, and ambiguity. NOLA then filed a Cross Motion for Summary Judgment asserting that the permit was properly granted, that the ordinance is constitutional, and that revoking the permit would infringe upon its vested property rights; The Council adopted NOLA’s exceptions and Motion for Summary Judgment.
The trial court sustained the exceptions of no cause of action, improper cumulation, and lack of subject matter jurisdiction relating to Plaintiffs’ action for mandamus. Subsequently, the trial court found that § VÍ(M)(l)(b) of the Plaquemiiies Parish Zonta'g Ordinance was unconstitutionally vague and ambiguous, granted the Plaintiffs’ Motion for Summary Judgment in part, and denied NOLA’s Cross Motion for Summary Judgment, Following the judgment, Plaquemines Parish Government filed a Petition of Intervention,' which the trial court granted. NOLA’s appeal followed.

CONSTITUTIONALITY

The trial court found that § VI(M)(l)(b) of the Plaquemines Parish Zoning Ordinance is unconstitutional, and that, therefore, the Council abused !its discretion by approving NOLA’s permit,- Thus, the central issue in this appeal is the constitutionality of § VI(M)(l)(b) of the Plaquemines Parish Zoning Ordinance.
The Louisiana Constitution provides that “a- case shall be appealable to the ^supreme court if ,. a law or ordinance has been declared unconstitutional.” LA. CONST. Ann. art. V;- § 5(D)(1). Also, “[a]s the Louisiana Supreme Court recently held, when a statute'has been declared unconstitutional, the Louisiana Supreme Court has exclusive appellate jurisdiction.” Perez v. Evenstar, Inc., 12-0941, p. 6 (La. App. 4 Cir. 1/30/13), 108 So.3d 898, 902. Therefore, this Court lacks appellate jurisdiction over this matter.
• La. R.S. 13:4441 provides that “[w]hen an appeal is taken and perfected to an appellate court having no jurisdiction thereof, the court to which it is taken may transfer it to the court having jurisdiction thereof, instead of dismissing the appeal.” “A court which orders the transfer ... an appeal under the provisions of R.S. 13:4441 may regulate the costs thereof, ... and may prescribe the delay within which the transfer or retransfer must be effected, and such other conditions as the court may deem proper.” La. R.S,13:4442,.
Accordingly, it is ordered that this case be transferred to the Louisiana Supreme Court within sixty (60) days after this decree has become final. All costs of this appeal and the transfer of this case to the Louisiana Supreme Court are assessed against the appellants. See Perez, 12-0941, p. 7, 108 So.3d at 903; Vallo v. Gayle Oil Co., Inc., 94-1238, p. 4 (La.11/30/94), 646 So.2d 859, 862; Sherman v. Cabildo Const. Co., 483 So.2d 1210, 1213 (La.App. 4th Cir.1986).

DECREE

■ For 'the above-mentioned reasons, we find that the Louisiana Supreme Court has exclusive jurisdiction in this case. Accordingly, the matter is transferred to the Louisiana Supreme Court.
TRANSFERRED.